IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TREY TAYLOR                                                          PLAINTIFF
#208795

V.                        Case No. 4:24-CV-00627-LPR-BBM

ERIC HIGGINS, Pulaski County Sheriff,
Pulaski County Regional Detention; NELSON,
Jail Administrator, Pulaski County Regional
Detention; and BARRY HYDE, Quorum Court
Judge, Pulaski County Quorum Court                                  DEFENDANTS

## ORDER

## I.    INTRODUCTION

On July 23, 2024, Plaintiff Trey Taylor, along with sixteen of his fellow inmates in

the Pulaski County Regional Detention Facility ("PCRDF"), filed a *pro se* Complaint under

42 U.S.C. § 1983. (Doc. 1). Pursuant to the Court's usual procedure, the Complaint was

severed into seventeen separate cases. Plaintiffs Taylor and Branden J. Mills were the only

inmates to file *in forma pauperis* motions or otherwise indicate their willingness to

prosecute their case. Thus, Taylor's and Mills's cases are the only two left pending.

This Order addresses Taylor's individual case. Before Taylor may proceed, the

Court must screen his claims in accordance with the Prison Litigation Reform Act

("PLRA").[1] 28 U.S.C. § 1915A(a).

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to

## II.    ALLEGATIONS

The Complaint alleges that PCRDF inmates (1) are unable to buy commissary items at a reasonable price; (2) are subject to "unclean housing situations"; and (3) do not have reasonable access to the law library through PCRDF's kiosk system. (Doc. 1 at 7). Taylor sues Defendants—Sheriff Eric Higgins ("Sheriff Higgins"), Jail Administrator Nelson ("Administrator Nelson"), and Quorum Court Judge Barry Hyde ("Judge Hyde")—in their official capacities only. (Doc. 1 at 4). He seeks injunctive relief. *Id.* at 8.

## III.   DISCUSSION

### A.    Initial Screening

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id.* Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014)

---

the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

(cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing Taylor's allegations, he brings commissary-pricing, conditions-of-confinement, and access-to-the-courts claims. However, before discussing why Taylor's Complaint fails to state a claim for relief, the Court addresses the biggest issue with Taylor's Complaint: the capacity in which he sues Defendants.

### 1.    Official Capacity

Taylor sues Defendants in their official capacities only, which "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). But Pulaski County cannot be held vicariously liable for constitutional violations committed by its employees. *See Id*. Instead, Pulaski County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Indep., MO.*, 829 F.3d 695, 699 (8th Cir. 2016). Because Taylor has not made any such allegations, he has failed to plead any plausible official-capacity claims. Even if Taylor sought to sue Defendants in their individual capacities, his allegations against them still fail to state a claim for relief.

### 2.    Supervisory Liability

Taylor sues Sheriff Higgins because he "is the enforcer of laws and statu[t]es or codes." (Doc. 1 at 6). Taylor sues Administrator Nelson because he is responsible for "ensur[ing] a safe non-hazard[ous] environment" for the PCRDF inmates. *Id.* Taylor sues Judge Hyde because he is "the heart and/or mind and represent[s] Pulaski County in the

3

human form." *Id.*  The Court liberally construes these allegations as supervisory-liability claims.

"Supervisors can incur liability for [constitutional violations] in two ways: they can be liable for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) (cleaned up). For a "corrective inaction" claim, the supervisor must have "received notice of a pattern of unconstitutional acts committed by a subordinate." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015).

Taylor does not allege that any Defendant was personally involved in any violative conduct, nor does he allege that any Defendant was aware of any violative conduct by others. Moreover, Taylor may not maintain a supervisory-liability claim against Defendants without first showing that one of their subordinates committed a constitutional violation. *Schoettle v. Jefferson Cnty.*, 788 F.3d 855, 862 (8th Cir. 2015). As discussed below, Taylor fails to meet this threshold showing.

### 3.   Commissary Pricing

Taylor's first claim is that PCRDF commissary items are "4 times the cost" of items purchased outside the facility. (Doc. 1 at 7).  As courts have held repeatedly, inmates "do[] not have a federally protected right to commissary privileges or specific commissary pricing." *See Ware v. Keefe Commissary*, No. 4:24-CV-00466 PLC, 2024 WL 1344832, at *3, n.1 (E.D. Mo. Mar. 29, 2024) (collecting cases). Accordingly, Taylor fails to state a claim for relief based on allegedly overpriced commissary items.

4

### 4.    Conditions of Confinement

Taylor next alleges that PCRDF inmates were subject to "unclean housing situations" with "very little to no cleaning supplies" and "none to little access to a functional bathroom." (Doc. 1 at 7). The Court construes this as a conditions-of-confinement claim. But there are deficiencies in Taylor's allegations.

First, it is unclear whether Taylor is a pretrial detainee or a convicted prisoner. *See id.* at 5. Thus, it is unclear if Taylor's conditions claim falls under the Eighth Amendment or Fourteenth Amendment standard. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020). Second, the Complaint is devoid of any specific factual allegations explaining how Taylor was personally harmed by the conditions in the PCRDF. Thus, as pleaded, the allegations are far too broad and vague to state a constitutional claim for relief.

### 5.    Access to the Courts

For his final claim, Taylor alleges that there is very little access to the law library—primarily because it is located on the PCRDF kiosk, which "times out" before the allotted time period ends. (Doc. 1 at 7). Taylor, like all prisoners, has "a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977) (abrogated on other grounds). But that right is limited; inmates are not guaranteed the ability to file "everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Instead, the First Amendment gives inmates the right to access the courts "to attack their sentences, directly or collaterally" or to "challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355; *Johnson v. Avery*, 393 U.S. 483, 489–90 (1969). Moreover, to state a First Amendment claim, a plaintiff must allege actual injury.

5

*Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). To do so, an "inmate must demonstrate that he suffered prejudice" in a "nonfrivolous and arguably meritorious" legal action because of the defendants' actions. *Berdella v. Delo*, 972 F.2d 204, 210 (8th Cir. 1992); *Hartsfield*, 511 F.3d at 831.

Again, Taylor's allegations are too vague to state a claim for relief. He does not explain how he was personally affected by the lack of law-library access and, thus, has not shown the actual injury necessary to maintain such a claim.

### B.    Opportunity to Amend

The Court will allow Taylor thirty (30) days, from the date of this Order, to file an Amended Complaint to correct the deficiencies in his current pleading. Taylor is placed on notice that, if he files the Amended Complaint, that pleading will supersede his previous Complaint. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, his Amended Complaint should contain *all Defendants* he seeks to name in this matter, *all claims* he seeks to pursue in this action, and *the factual predicate* for all claims against all Defendants. If Taylor elects not to file an Amended Complaint, the Court will proceed to screen his original Complaint.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.    The Clerk is directed to mail Taylor a § 1983 complaint form that is labeled "Amended Complaint."

2.    Taylor will be allowed to file, **within thirty (30) days of the date of this Order**, an Amended Complaint containing the facts described in this Order, which are

6

necessary to support his claims. If he elects not to file a timely Amended Complaint, the

Court will screen his first Complaint, (Doc. 1).

DATED this 14th day of April, 2026.

_____
UNITED STATES MAGISTRATE JUDGE